# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

_____

| | |
|---|---|
| RICHARD A. BROWN, | Cause No. CV-07-084-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT** |
| THE DEPARTMENT OF EDUCATION, | |
| Defendant. | |

_____

This matter is currently before the Court on Plaintiff's civil complaint regarding the debt collection of his student loans. (Court's Doc. No. 2). The Court is required to prescreen Plaintiff's claims pursuant to 28 U.S.C. § 1915.[1] On July 12, 2007, the Court required Plaintiff to file an Amended Complaint after finding that Plaintiff's Complaint was subject to dismissal based upon res judicata and under Fed.R.Civ.P. 9(b) for failure to specifically plead allegations of fraud. The Court finds that Plaintiff has failed to overcome the deficiencies in his original complaint. Plaintiff's claims are barred by the doctrine of res judicata and therefore this case is recommended for dismissal.

---

[1] Section 1915(e)(2) reads in pertinent part as follows: Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that— (A) the allegation of poverty is untrue; or (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV 07-84-BLG-RFC-CSO  / PAGE 1

## A. PLAINTIFF'S ALLEGATIONS

Plaintiff's Amended Complaint alleges the collection of debts without an interest in the debts being collected, false claims that these debts were default student loans, attaching fraudulent documents to bank promissory notes, and drafting and sending fraudulent documents to private companies and government agencies. (Court's Doc. No. 6, p. 2). Basically, it appears that Plaintiff is challenging the collection of his student loan debts on the grounds that the promissory notes were incomplete, there was no payment plan, and the loans were sold in violation of the notes.

## B. ANALYSIS

As set forth in the Court's prior Order, Plaintiff's claims are barred by the doctrines of res judicata/claim preclusion. Plaintiff filed a previous action in this Court against the Department of Education in which Plaintiff disputed his student loan obligations owed to the Department of Education. See Civil Action 05-CV-87-BLG-RFC. In that case, Plaintiff was challenging the collection efforts of Defendants on the grounds that his student loans were discharged by his prior bankruptcies. According to the Order granting summary judgment in that action, "Brown acquired certain student loans amounting to $3,500 in the years 1981, 1982 and 1983." (Civil Action No. 05-CV-37-BLG-RFC, Court's Doc. No. 40, p. 2).

Plaintiff's Amended Complaint contends that his earlier case was to determine the dischargeability of his student loan debts. He argues that this current case involves the violations not related to the bankruptcy but legal possession of the promissory

notes.  (Court's Doc. No. 6, p. 5).

The doctrine of res judicata provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action.  See In re Imperial Corp. of America, 92 F.3d 1503, 1506 (9th Cir. 1996).  "[A] final judgment on the merits of an action precludes the parties or the privies from relitigating issues that were or <u>could have been</u> raised in that action."  Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (emphasis added).  Res judicata bars a later suit where the previous suit (1) involved the same "claim" as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies.  Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993).  As many courts have recognized, res judicata and claim preclusion relieve parties of the cost and vexation of multiple lawsuits and conserve judicial resources.

Even if Plaintiff is attempting to bring a new claim against the Department of Education arising out of the collection of his student loans, that claim would be barred as it could have been brought in the prior suit.  Plaintiff was represented by counsel in the prior action.  He was seeking to invalidate the collection of his debts owed on his student loans, the case reached final judgment on the merits and it involved the same parties.  Plaintiff claims that he "attempted to bring in the current facts in Case CV 05-87-BLG-RFC."  However, Plaintiff refers only to a motion to direct the United States to provide Higher Education documents, a notice of providing Defendants with all the documents the court received from Plaintiff and a motion by the Department of

Education to stay response to Plaintiff's motion for Higher Education Foundation documents. (Civil Action 05-87-BLG-RFC, Documents 20-22). These issues were not addressed by the Court in its ruling on the Motion for Summary Judgment and there is nothing in the record to indicate that an objection or motion regarding these remaining claims was brought by Plaintiff.

Simply stated, Plaintiff needed to raise and prosecute all claims regarding the collection of his student loan debts in his first civil action. He did not do so and as such his claims raised in this case are barred by res judicata.

In the Court's prior Order, it addressed the possibility that Plaintiff was implying that there was a fraud on this Court and the Ninth Circuit Court of Appeals in denying his prior claims. In his Amended Complaint, Plaintiff fails to specifically plead that there was such a fraud. Plaintiff was specifically instructed,

> As it currently stands, Plaintiff's Complaint is subject to dismissal based upon res judicata and under Fed.R.Civ.P. 9(b) for failure to specifically plead allegations of fraud. In order to avoid dismissal, Plaintiff must describe for the Court specifically what false information and/or documentation was presented to this Court and/or the Ninth Circuit; when and how that false presentation of information was discovered by Plaintiff; how that false information impacted the result of his first case; what specific issues he is complaining about herein which were not litigated or could not have been litigated in his first case; and why these claims were not raised in his first lawsuit.

Plaintiff failed to follow these instructions and has not plead a claim for fraud on this Court or the Ninth Circuit with regard to the determination of his prior lawsuit.

Accordingly, the Court enters the following:

## RECOMMENDATION

Plaintiff's Complaint (Court's Doc. No. 2) and Amended Complaint (Court's Doc. No. 6) should be **DISMISSED.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CAUSE OF ACTION WITHOUT FURTHER NOTICE.**

DATED this 30th day of April, 2008.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge